IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA CHERRY<br>8073 TEMPLE ROAD<br>PHILADELPHIA, PA 19119 | :<br>:<br>: | CIVIL ACTION NO. 02-4065 |
| v. | :<br>: | |
| CITY OF PHILADELPHIA<br>1515 ARCH STREET<br>16TH FLOOR<br>PHILADELPHIA, PA 19136 | :<br>:<br>:<br>:<br>: | |

_____

### MOTION TO STRIKE ANSWER
### AND FOR ENTRY OF DEFAULT JUDGMENT

  Pursuant to the Federal Rules of Civil Procedure 55(b), 37(b)(2), 37(d), and 12, Plaintiff Christina Cherry, through her undersigned counsel, respectfully moves this Honorable Court to Strike Defendant City of Philadelphia's Answer and for Entry of Default Judgment, and in support thereof avers as follows:

  1. On June 25, 2002, Plaintiff filed a complaint in this action, in which she alleges violations of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-1, et seq. (hereinafter "Title VII"); 43 P.S. §§ 951 et seq., and the Pennsylvania Human Relations Act.

  2. Plaintiff served the complaint on defendant on August 22, 2002. Proof of service is attached as Exhibit "1".

  3. Pursuant to this Court's September 4, 2002 scheduling Order, the discovery deadline in this matter was December 5, 2002. A copy of the September 4, 2002 scheduling Order is attached as Exhibit "2". Plaintiff requested an extension of discovery on December 2, 2002. At that time Defendant, while not opposing the request, did not join in Plaintiff's request.

  4. Rule 12 (a) (1) (A) of the Federal Rules of Civil Procedure requires the Defendant to serve an answer within twenty (20) days after being served with the complaint. Fed.R.Civ.P. 12(a)(1)(A).

  5. Defendant filed an answer on or about December 6, 2002, more than three months

after Plaintiff served her complaint. In its answer, Defendant raised the affirmative defense that Plaintiff failed to state a claim upon which relief may be granted. A copy of Defendant's Answer is attached as Exhibit "3".

      6.    Defendant failed to answer the complaint within the time period provided for under the Federal Rules of Civil Procedure.

      7.    Due to Defendant's late filing of the answer, even self-executing discovery procedures required by Section 4:01 of the Civil Justice Expense and Delay Reduction Plan and Rule 26 of the Federal Rules of Civil Procedure cannot now be accomplished.

      8.    Prior to filing its untimely answer, Defendant neither sought leave of Court to file its answer out of time nor served any motions that would have altered the time period pursuant to Rule 12 (a) (4).

      9.    Moreover, prior to filing, Defendant did not seek an extension of time in which to answer.

      10.    Plaintiff noticed Defendant to take the depositions of several Corrections Officers on November 29, 2002, December 2, 2002, and December 3, 2002. However, Defendant cancelled these depositions. A copy of the deposition notice is attached as exhibit "4".

      11.    Because Defendant has failed to present the Corrections Officers for depositions, Plaintiff has not been able to conduct adequate discovery, and Defendant should be subject to sanctions proscribed by Rule 37 of the Federal Rules of Civil Procedure.

      12.    Because Defendant did not file its answer within twenty (20) days after service of the complaint or with leave of the Court, Defendant violated Rule 12 of the Federal Rules of Civil Procedure.

      13.    Trial in this matter is scheduled for January 13, 2003.

      14.    Plaintiff has been prejudiced in its preparation for trial by the Defendant's untimely and last minute service of its answer.

      WHEREFORE, Plaintiff respectfully asks this Honorable Court to strike Defendant's untimely Answer and Enter a Default Judgment in favor of the Plaintiff.

                                                                 RESPECTFULLY SUBMITTED,

                                                            By:_____

                                                                 Danny Elmore, Esquire

Date:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA CHERRY<br>8073 TEMPLE ROAD<br>PHILADELPHIA, PA 19119 | :<br>:<br>:<br>: | CIVIL ACTION NO. 02-4065 |
| v. | :<br>: | |
| CITY OF PHILADELPHIA<br>1515 ARCH STREET<br>16TH FLOOR<br>PHILADELPHIA, PA 19136 | :<br>:<br>:<br>:<br>: | |
| _____ | | |

ORDER

AND NOW, this         day of                , 200 , upon consideration of Plaintiff's Motion to Strike and for Entry of Default Judgment, it is it hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and Defendant's Answer is Stricken and the Clerk is directed to enter a Default Judgment on liability.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA CHERRY : | |
| 8073 TEMPLE ROAD : | |
| PHILADELPHIA, PA 19119 : | CIVIL ACTION NO. 02-4065 |
| : | |
| v. : | |
| : | |
| CITY OF PHILADELPHIA : | |
| 1515 ARCH STREET : | |
| 16TH FLOOR : | |
| PHILADELPHIA, PA 19136 : | |

_____

ORDER

AND NOW, this         day of              , 200  , upon consideration of Plaintiff's Motion to Strike and for Entry of Default Judgment, it is it hereby ORDERED and DECREED that Plaintiff's Motion to Strike is GRANTED, and a Rule to Show Cause is issued upon Defendant City of Philadelphia to show cause why a Default Judgment should not be granted, rule returnable on the        day of              200  , at      .m. in CourtRoom       , U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA CHERRY<br>8073 TEMPLE ROAD<br>PHILADELPHIA, PA 19119 | :<br>:<br>: CIVIL ACTION NO. 02-4065<br>: |
| v. | :<br>: |
| CITY OF PHILADELPHIA<br>1515 ARCH STREET<br>16TH FLOOR<br>PHILADELPHIA, PA 19136 | :<br>:<br>:<br>: |

_____

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF S MOTION TO STRIKE ANSWER AND
<u>FOR ENTRY OF DEFAULT JUDGMENT</u>**

      Plaintiff alleges in her complaint generally, that she was repeatedly sexually harassed by male Corrections Officers while working as a Correctional Officer with the Philadelphia Prison System. Plaintiff alleges that the conduct of such male employees, which she reported to her supervisor, created a hostile work environment in violation of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972 and the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e-1, <u>et</u> <u>seq</u>. as well as the Pennsylvania Human Relations Act, 43 P.S. §§ 951 et seq. Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages, and attorney's fees and costs.

      Plaintiff filed its complaint on June 25, 2002, and served the Complaint on the Defendant on August 22, 2002. The Defendant failed to file an answer within twenty days after service of the complaint pursuant to Rule 12 (a) (1) of the Federal Rules of Civil Procedure.[1] Instead,

_____

[1]     Rule 12 (a) (1) of the Federal Rule of Civil Procedure provides that

(1) Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer
        (A) within 20 days after being served with the summons and
            complaint ....

Fed.R.Civ.P. 12 (a) (1).

Defendant served its answer on or about December 6, 2002. Prior to doing so, Defendant did not seek an extension of time or leave of court to file an answer out of time.

Moreover, this Court s September 4, 2002 scheduling Order provided that discovery should be completed by December 5, 2002. Section 4:01 of the Civil Justice Expense and Delay Reduction Plan and Rule 26 of the Federal Rules of Civil Procedure both compel self-executing discovery. Defendant s late filing of its answer severely comprises Plaintiff s abilities and opportunities to engage in self-executing discovery, and violates Section 4:01. Moreover, by failing to present its corrections officers for depositions, Defendant has also undermined Plaintiff s ability to conduct adequate discovery in violation of this Court s September 4, 2002 scheduling Order and Rules 30 and 34 of the Federal Rules of Civil of Procedure. Accordingly, Defendant should be subject to the sanctions prescribed by Rule 37 of the Federal Rules of Civil Procedure.

Rule 37 (b) (2) provides in pertinent part that where a case is pending, the Court may sanction the offending party by making such orders as it deems just, including the following:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ....

**Fed.R.Civ.P. 37 (b) (2)**. Plaintiff, without waiving any of the other prescribed sanctions under this Rule, requests that this Court strike Defendant s untimely answer and enter a judgment by default on liability.

The entry of judgment by default pursuant to Rule 55 of the Federal Rules of Civil Procedure is an appropriate sanction for the Defendant s failure to file a timely answer where, as here, there has been a clear record of delay. Fed.R.Civ.P. 55; Taylor v. Ballvin, 859 F.2d 1330, 1333 (8th Cir.1990). Indeed, a more clear record of delay could not exist than the one at hand. Defendant, in complete default and in defiance of the Federal Rules of Civil Procedure, failed to

file a timely answer to plaintiff s complaint, and precluded plaintiff from the opportunity to conduct any discovery. The resulting prejudice to Plaintiff is obvious, particularly since trial is scheduled to begin on January 13, 2003. Accordingly, the Court should enter a judgment by default.

The only remaining issue then is one of appropriate damages arising from the default. Federal Rule of Civil Procedure 55 (b)(2) states, in relevant part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper * * *.

**Fed.R.Civ.P. 55 (b) (2)**. In interpreting this rule, the Supreme Court has held that "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Pope v. United States, 323 U.S. 1, 12, 65 S.Ct. 16, 22, 89 L.Ed. 3 (1944). Therefore, this Court can either hold an evidentiary hearing on the issue of damages, or assess damages independently from the record evidence.

Wherefore, Plaintiff respectfully requests that this Court strike Defendant s Answer and enter a judgment by default consistent with Rule 55 of the Federal Rules of Civil Procedure.

                              Respectfully submitted,

                              By:_____
                                  Danny Elmore, Esquire

Dated: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA CHERRY<br>8073 TEMPLE ROAD<br>PHILADELPHIA, PA 19119 | :<br>:<br>:<br>: | CIVIL ACTION NO. 02-4065 |
| v. | :<br>: | |
| CITY OF PHILADELPHIA<br>1515 ARCH STREET<br>16TH FLOOR<br>PHILADELPHIA, PA 19136 | :<br>:<br>:<br>: | |

_____

### CERTIFICATE OF SERVICE WITH VERIFICATION

      Now comes the Plaintiff in the foregoing Motion to Strike Answer and for Entry of Default Judgment, and through her attorney and under the penalties of perjury, declares the facts herein/above alleged are true, except those made on information and belief, and as to those, believes them to be true.

_____
Danny Elmore, Esquire

### CERTIFICATE OF SERVICE

    I, Danny Elmore, Esquire, hereby swear that I have caused the foregoing Motion to Strike Answer and for Entry of Default Judgment to be served by regular first class mail, postage prepaid, on the following person(s):

Louis Diaz, Esquire
City Solicitor
City of Philadelphia
Law Department
1515 Arch Street, 16th Floor
Philadelphia, PA 19102

_____
Danny Elmore, Esquire

Dated: _____

Exhibit 1

Exhibit 2

Exhibit 3

Case 2:02-cv-04065-MK     Document 15     Filed 12/23/2002     Page 12 of 13

Exhibit 4